IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICARDO VASQUEZ-HERNANDEZ, § | | |
| # 39562-177, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:11-CV-424-O (BK) | |
| § | (3:09-CR-0301-O(01)) | |
| UNITED STATES OF AMERICA § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for findings, conclusions, and recommendation. Petitioner, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court did not require the government to respond. For the reasons set out below, it is recommended that the District Court summarily dismiss with prejudice the section 2255 motion.

**I. BACKGROUND**

Without the benefit of a plea agreement, Petitioner pled guilty to a one-count indictment charging him with illegal reentry after removal. *United States v. Hernandez-Ricardo*, 3:09-CR-0301-O (N.D. Tex., Dallas Div.). Before sentencing, Petitioner entered into a Sentencing Agreement with the Government. *Id.* at Doc. 19. In exchange for the Government moving for a third offense-level reduction for acceptance of responsibility under United States Sentencing Guideline § 3E1.1(b), Petitioner agreed to waive his right to appeal and to seek collateral relief under 28 U.S.C. §§ 2241 and 2255, except in very limited circumstances. *Id.*; *see also* Doc. 23 (Government's Motion to Decrease Offense Level Pursuant to USSG § 3E1.1(b)

filed on February 24, 2010, the day before the sentencing hearing). On February 28, 2010, the District Court sentenced Petitioner to sixty-four months' imprisonment, followed by a two-year term of supervised release.

In his timely section 2255 motion, Petitioner raises the following four grounds:

(1)  the district court erred "in not granting a three-level for acceptance of responsibility";

(2)  the district court committed "plain error under *Booker*" during sentencing";

(3)  "the prosecution breached the plea agreement by not seeking the one-point adjustment;" and

(4)  counsel was ineffective "for not alerting the Court that USSG § 3E1.1(b) decrease[d] the offense level by one additional level."

(Doc. 1 at 5.) Although the Court granted Petitioner an extension of time to file a memorandum in support of the section 2255 motion, he failed to do so. (Doc. 3.)

## II. ANALYSIS

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his

conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Contrary to the assertions in the section 2255 motion, Petitioner received a third level reduction for acceptance of responsibility. The Addendum to the Presentence Report (PSR) reflects the government agreed to move at sentencing (as set out in the Sentencing Agreement and the Government's Motion to Decrease Offense Level) for a third-level reduction for acceptance of responsibility under USSG § 3E1.1(b) . (Addendum to PSR at 1.) This, in effect, reduced Petitioner's Total Offense Level to 21 which, coupled with a Criminal History Category of IV, resulted in a Guideline Range of 57 to 71 months. (*Id.*) The District Court ultimately sentenced Petitioner to 64 months, in the middle of the Guideline Range.

Because Petitioner received the promised third-point reduction for acceptance of responsibility, his claims that the District Court erred in failing to grant the reduction, that the prosecution breached the Sentencing Agreement, and that counsel rendered ineffective assistance in failing to raise the issue are patently frivolous.[1] The same applies to Petitioner's conclusory assertion that the District Court committed error at sentencing under *United States v. Booker*, 543 U.S. 220 (2005). Nevertheless, misapplication of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under section 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)).

---

[1] To establish ineffective assistance of counsel, a petitioner must show both deficient performance by counsel and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires the petitioner to establish (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-694.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily DISMISS with prejudice Petitioner's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See* Rule 4(b) of the Rules Governing Section 2255 proceedings for the United States District Courts.

SIGNED July 15, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE